WARNE *against* CONSTANT.

THE facts in this case were as follows:

The plaintiff commenced an action of *assault and battery and false imprisonment*, against the defendant, in 1805. The cause came on to trial, in *June*, 1807, when the plaintiff, by the direction of the judge, was nonsuited. A case was prepared on the part of the plaintiff, and argued in *November* term, 1808, and a judgment in favour of the defendant, was rendered in *February* term, 1809. Previous to the judgment, viz. the 16th of *January*, 1809, the plaintiff presented *his petition, under the insolvent act* of this state, to the recorder of the city of *New-York*; and on the 20th day of *March*, 1809, was by him *discharged*, conformably to the act. The assignment was also made on the 20th of *March*, 1809.

The case was submitted to the court, without argument.

*Per Curiam.* The judgment against the defendant, rendered in *February* term last, must have been for *costs* discharge, the costs, though not taxed, or the roll signed, cannot be recovered

NEW-YORK,
Nov. 1809.

WARNE
v.
CONSTANT.

On an action, brought by *A.* against *B.* the plaintiff was nonsuited at the trial in *June*, 1807. A case was made for argument, on a motion to set aside the nonsuit, which was argued in *November* term, 1808, and decided in favour of the plaintiff, in *February* term, 1809. On the 20th of *March*, 1809, *A.* the plaintiff, obtained his discharge under the insolvent act. It was held, that the plaintiff was not liable for the costs, on the judgment of nonsuit. Where a judgment is obtained before an insolvent's of the insolvent.

only ; and if they were taxed before the assignment of the insolvent's estate, on the 20th of *March,* (and we must presume from the case that they were,) they were no longer, in any sense, unliquidated damages, and the discharge covers them. But whether this be the fact or not, as to the taxation, the case of *Thomas* v. *Striker, January* term, 1802,(*a*) seems to put an end to the question. It was there held, that if a judgment be obtained before the insolvent's assignment and discharge, the costs of that judgment cannot be recovered of the insolvent. The costs were considered as being inchoate with the judgment. The defendant is therefore not liable to be taken in execution under the judgment.

(*a*) That case was as follows : *Whiting* moved to set aside a *fieri facias,* on an affidavit, stating that on the 7th of *November,* 1808, the defendant was duly discharged under the insolvent act. It appeared, that a judgment of *nonpros,* had been given on a *certiorari,* from the judgment of a justice's court, prior to the 7th *November,* 1808 ; and that the only question was, whether the plaintiff was entitled to a *fieri facias,* for the costs, arising on the judgment of *nonpros,* entered at the last *October* term.

*Jones,* contra.

*Per Curiam.* It is enough if the debt was liquidated, or capable of being liquidated, before the discharge. Here the judgment was in *October* term, and the costs capable of liquidation, at that time ; and we must intend, that the assignment was contemporaneous with the discharge.

Motion granted.