JULIUS GEHRKE *et al.*

*v.*

EDWIN G. FOREMAN, Trustee.

*Opinion filed February 17, 1899.*

SHERIFFS—*deputy sheriff may appoint special deputy to serve summons.* A deputy sheriff may, under sections 10 and 12 of the act on sheriffs, (Rev. Stat. 1874, p. 990,) in the name of the sheriff, appoint a special deputy to serve a summons.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN C. GARVER, Judge, presiding.

AUGUST MARX, for appellants.

RUDOLPH D. HUSZAGH, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an action of ejectment, but the only question presented by the record is whether J. C. Cooper, who served the summons on the defendants, was properly authorized to do so. The endorsement and return on the summons are as follows:

"Pd. 10, I hereby appoint J. C. Cooper my special deputy to serve the within writ this 25th day of May, A. D. 1898.

JAMES PEASE, *Sheriff.*"

"Served this writ on the within named defendants, Julius Gehrke and Johanna Gehrke, by reading the same to each of them this 25th day of May, 1898; also served this writ on the within named defendants, William F. Dahms and Leopold Bloch, by reading the same to each of them this 25th day of May, 1898.

JAMES PEASE, *Sheriff.*
By J. C. COOPER, *Special Deputy.*"

"STATE OF ILLINOIS, } *ss.*
County of Cook.

"J. C. Cooper, being duly sworn, deposes and says he is the identical person mentioned in the above appointment, and the above return is true.

"Subscribed and sworn to before me this 26th day of May, A. D. 1898.                    CHARLES W. PETERS,

[Seal.]                    *Notary Public, Cook Co. Ill.*"

It was admitted in the application to set aside the default, that Charles W. Peters, who was chief deputy sheriff in the sheriff's office on May 25, 1898, appointed J. C. Cooper, in the name of and for the sheriff, to serve the summons. Section 7 of the act relating to sheriffs (Hurd's Stat. 1889, p. 1275,) provides: "Each sheriff may appoint one or more deputies, not exceeding the number allowed by rule of the circuit court of his county." Section 10 provides: "A sheriff may appoint a special deputy to serve any summons issued out of a court of record, by indorsement thereon substantially as follows: 'I hereby appoint.......... my special deputy to serve the within writ,' which shall be dated and signed by the sheriff." Section 12 provides: "Deputy sheriffs duly appointed and qualified may perform any and all the duties of the sheriff in the name of the sheriff, and the acts of such deputies shall be held to be the acts of the sheriff."

Under section 7 *supra*, Charles W. Peters was duly appointed a deputy sheriff. He had qualified as such and had power to act, and by the express terms of section 12 he was clothed with power to perform, in the name of the sheriff, all the duties of the sheriff. Under section 10 the sheriff was authorized to appoint Cooper a special deputy to serve the summons in question, and as the deputy sheriff, Charles W. Peters, was authorized by the statute to perform any and all duties of the sheriff in the name of the sheriff, the appointment of J. C. Cooper a special deputy, in the name of the sheriff, to serve the summons, was authorized by the statute. No attempt was made to appoint Cooper deputy sheriff with authority to act generally as a deputy, but he was merely appointed a special deputy, with authority to serve the summons in question and do nothing more. The general maxim, therefore, that *delegata potestas non potest delegari*, has no application here. *Hunt* v. *Burrill*, 5 Johns. 136.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*